IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BOBBIE MCNEILL JR. #359257    *
         Plaintiff,
   v.                               *    CIVIL ACTION NO. WDQ-10-180

WESTERN CORRECTIONAL    *
  INSTITUTION
         Defendant.    *

MEMORANDUM

This Complaint was received for filing on January 25, 2010. Bobbie McNeill, Jr., an inmate at the Western Correctional Institution ("WCI"), complains that on December 3, 2009, he was given a commissary pass at 8:30 a.m., but was told to first go to the property room. McNeill asserts that over one hour later, after he completed his business in the property room he went to the commissary and was told that he had a $.39 balance in his commissary account. He alleges that an examination of his account showed that $76.00 had been deducted at 8:45 a.m. that morning. McNeill claims that he was not at the commissary at that time, but was either in his cell or in the property room. He seeks reimbursement of the money deducted from his account, claiming that that it was taken without his permission. Because he appears indigent, McNeill's Motion to Proceed *In Forma Pauperis* shall be granted. The Complaint will, however, be dismissed.

McNeill is complaining that the taking of his money was unauthorized. In such cases the Due Process Clause of the U.S. Constitution is implicated. Sufficient due process is afforded an inmate if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post-deprivation remedy.[1] *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[2]

---

[1] McNeill may seek relief through the Maryland's Tort Claims Act and the Maryland Division of Correction Administrative Remedy Procedure grievance process.

[2] *Juncker* relied on *Parratt* in dismissing a plaintiff's due process claims. Accordingly, although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that

Because McNeill's § 1983 complaint is accompanied by an indigency request and alleges an infringement of a constitutional right that does not exist and is premised on an "indisputably meritless legal theory," the dismissal is pursuant to 28 U.S.C. § 1915(e).[3] McNeill is hereby placed on notice that he may be barred from filing future actions *in forma pauperis* if he continues to file federal civil rights actions that are subject to dismissal as frivolous or malicious under § 1915(e) or under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted.[4]

Date: February 4, 2010                              /s/
                                                William D. Quarles Jr.
                                                United States District Judge

---

sufficient due process is afforded through post-deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property.

[3]     28 U.S.C. § 1915(e)(2) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

(A)   the allegation of poverty is untrue; or
(B)   the action or appeal--
(i)   is frivolous or malicious;
(ii)  fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

[4]     28 U.S.C. § 1915(g) states as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions *in forma pauperis*, absent extraordinary circumstances.